IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MAURICE STANSBERRY**                                                                   **PLAINTIFF**

**V.**                                                   **NO. 4:20-CV-82-DMB-JMV**

**ERIC BILBRO and REGINA CROCKETT**                                     **DEFENDANTS**

## ORDER

On May 10, 2021, Eric Bilbro and Regina Crockett each filed a motion for summary judgment on Maurice Stansberry's constitutional claims. Docs. #49, #51. In support of their respective motions, each submitted multiple exhibits, including the deposition of Henry Lewis. Docs. #49-5, #51-5. The next day, representing that they "inadvertently failed to redact [Stansberry's] Social Security Number and Date of Birth" in an exhibit to the deposition, they moved to file the deposition "under seal because of the protected personal identifying information and other sensitive data contained" in the exhibit. Docs. #53, #54.

Rule 79 of the Uniform Local Rules provides that no document may be filed under seal without a court order. "A statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." L.U. Civ. R. 79(b). In considering whether to grant a motion to seal, there is a "presumption in favor of the public's access to judicial records," and the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848–49 (5th Cir. 1993).

Local Rule 79 requires that a motion to seal "must be accompanied by a non-confidential

supporting memorandum" which includes (1) "[a] non-confidential description of what is to be sealed;" (2) "[a] specific request that the document … [b]e sealed from any access by the public and the litigants' counsel," "[b]e sealed from public access only," or "[b]e sealed only from public access in CM/ECF;" (3) "[a] statement of why sealing is necessary, why the specific character of sealing [requested] is most appropriate, and why another procedure will not suffice;" (4) "[r]eferences to governing case law;" and (5) "[u]nless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."  L.U. Civ. R. 79(e)(3).

Here, the defendants request that the memorandum requirement be excused but fail to address the specific requirements of Local Rule 79 in their motions to seal.  Docs. #53, #54.  And while protection of Stansberry's personal information is a "clear and compelling" reason to seal such information, the Court does not believe sealing an entire exhibit "is narrowly tailored" to serve that reason when the portion of the exhibit in question may properly be redacted.  *See* L.U. Civ. R. 79(b) (stating requisite findings for sealing order); Fed. R. Civ. P. 5.2(a) ("filing may include only," among other things, "the last four digits of the social-security number" and "the year of the individual's birth").  Accordingly, the motions to seal [53][54] are **DENIED**.  However, in the interest of protecting both Stansberry's personal information and the public's right of access: (1) the exhibits [49-5][51-5] are **STRICKEN** from the record with access to them **RESTRICTED** to only the parties; and (2) within three (3) days of this order, the defendants shall file a properly-redacted version of the stricken exhibits.

**SO ORDERED**, this 11th day of May, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**